IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| CHAD MICHAELS,<br><br>PLAINTIFF,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>DEFENDANT. | **Civil Action No.**<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Chad Michaels ("Plaintiff" or "Michaels") by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant NCO Financial Systems, Inc. (hereinafter "Defendant" or "NCO"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's repeated violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. Section 227 *et seq*.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(g)(2), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III.   PARTIES

3. Plaintiff, Chad Michaels, is a natural person residing in Polk County, Iowa.

1

4. Defendant, NCO, is a business principally located in Pennsylvania who is engaged in the collection of debts owed to another in the State of Iowa.

## IV.   FACTUAL ALLEGATIONS

5. At some point in time, the Defendant began placing collection calls to the Plaintiff's cellular telephone.

6. The purpose of the communication was in an attempt to collect income taxes on behalf of the Iowa Department of Revenue.

7. The Defendant also contacted the Plaintiff in an attempt to collect income taxes allegedly owed by a one Natasha Welch.

8. The Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

9. Upon answering several calls placed by the Defendant, the Plaintiff experienced an extended pause until a representative came on the line.

10. Once a representative of the Defendant came on the line, NCO represented themselves to be the "Iowa Department of Revenue."

11. Upon information and belief, in every communication with the Defendant, NCO representatives identified themselves to be the Iowa Department of Revenue. After the Plaintiff repeatedly asked if the Defendant was a collection agency or a company collecting on behalf of the Iowa Department of Revenue, NCO representatives denied their true identity and continued to identify themselves as the Iowa Department of Revenue.

12. Upon answering one of the collection calls placed by NCO representatives, the Plaintiff requested an address and fax number as to where he may forward cease and desist correspondence.

13. In misrepresenting themselves to be the Iowa Department of Revenue, NCO provided the following address and fax number to the Plaintiff: Iowa Department of Revenue, Central Collections Unit, 1305 East Walnut, Des Moines, IA 50319; 515-725-0264.

14. Upon information and belief, NCO employees or representatives collecting on behalf of the Iowa Department of Revenue operate at the location and fax number as set forth in paragraph 13.

15. The Plaintiff forwarded two letters to the Defendant via certified mail and facsimile. The first letter revoked any express or implied consent authorizing the Defendant to contact the Plaintiff, which included the phone number the Defendant was attempting to reach. The second letter revoked any express or implied consent authorizing the Defendant to contact the Plaintiff in an attempt to collect from or to reach a Natasha Welch, which included the phone number the Defendant was attempting to reach. Each letter included the Plaintiff's name, address, and last four digits of his social security number.

16. The Defendant received the revocation of consent via facsimile on July 07, 2014.

17. Certified mail was delivered and signed for on July 10, 2014.

18. Notwithstanding the revocation of consent, at no point in time did the Plaintiff provide express consent or authorize the Iowa Department of Revenue or

the Defendant to contact his cellular phone number with respect to his personal tax liability.

19. Notwithstanding the revocation of consent, at no point in time did the Plaintiff provide express consent or authorize the Iowa Department of Revenue or the Defendant to contact his cellular phone number with respect to Natasha Welch's personal tax liability.

20. Since July 10, 2014, the Plaintiff has continued to receive calls from the Defendant on a daily basis, and frequently multiple times per day.

21. Subsequent to July 10, 2014, any and all calls placed by the Defendant to the Plaintiff were made with knowledge of a lack of express consent and knowledge of the revocation of consent.

22. As a result of the Defendant's illegal communications, the Plaintiff has suffered from emotional distress including but not limited to: stress, anxiety, nervousness, confusion, frustration, anger, loss of sleep, sense of helplessness, and fear, among others.

### *Telephone Consumer Protection Act*

23. At all times relevant to this Complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

24. At all times relevant to this Complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

25. Defendant at all times relevant to the Complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

26. The Defendant at all times relevant to the Complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

27. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

28. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Within the year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or artificial voice in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

31. The acts and or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages.

33. The Defendant did not have the prior express consent of the Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

34. Notwithstanding, the Plaintiff forwarded written revocation of consent via fax and certified mail to the Defendant.

35. The Defendant made such calls willfully.

36. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to the Plaintiff.

37. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

38. Plaintiff is entitled to injunctive relief prohibiting the Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

**COUNT I.**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. Section 227 et seq.**

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

- For an injunction prohibiting the Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a); and

- For such other and further relief as may be just and proper.

## VI.  SECOND CLAIM FOR RELIEF: INVASION OF PRIVACY

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The Defendant's continued illegal communications violated the Plaintiff's right to privacy.

41. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

42. The Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of illegally collecting a debt, thereby invading and intruding upon Plaintiff's right to privacy.

43. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and or private concerns or affairs.

44. These intrusions and invasions by the Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as

7

set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

### VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF